UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VIRGINIA SNEED WILSON                    CIVIL ACTION NO. 24-cv-237

VERSUS                                   JUDGE EDWARDS

CARRINGTON MORTGAGE SERVICES, LLC  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Virginia Wilson found herself in arrears on her home mortgage, and Carrington Mortgage Services, LLC filed a petition for executory process in the Bossier Parish state court and obtained a sheriff's sale date.  Ms. Wilson commenced a separate civil action in the Bossier Parish state court and asserted claims for declaratory and injunctive relief, including claims that Louisiana's executory process scheme is unconstitutional.

Ms. Wilson filed a motion for stay in her separate civil action and obtained an order from the state court judge staying the sheriff's sale until further order of the court.  Carrington removed the case shortly before the stay order was entered, and it persuaded this court to vacate the stay order because the state court lost all jurisdiction after the notice of removal was filed.  Doc. 18.

Ms. Wilson now presents this court with a Motion to Stay Sheriff's Sale (Doc. 19).  Her motion alleges that she participated in a forbearance program until Carrington suddenly stated that she did not qualify and demanded immediate payment.  She contends that because her challenge to the validity of the foreclosure proceedings remains pending

in this court, she should be granted a stay of any sheriff's sale pending the completion of this litigation and further order of the court.

The court anticipated the possibility of such a motion when it vacated the state court's stay order.  Accordingly, the court noted: Carrington has stated in another filing that there is no longer a scheduled sale date for a sheriff's sale.  If Carrington attempts to schedule a new sale date in the executory proceeding, it appears that Ms. Wilson's ability to enjoin any such sale is governed by La. C.C.P. art. 2751.[1]  Such a request would be based on state law issues so should be filed in state court.  If Ms. Wilson instead presents to this court a request for a stay of a sheriff's sale, she will have to make a thorough presentation of law showing that she is entitled to such a stay/injunction under applicable law and that the federal court could appropriately enjoin the state court proceeding.  See White v. Lakeview Loan Servicing LLC, 2023 WL 8723226 (W.D. La. 2023) (Whitehurst, M.J.) and Turner v. Ditech Fin., LLC, 2016 WL 8230640 (W.D. La. 2016) (Foote, J.) (both citing the Anti-Injunction Act and denying federal court injunctions against state court foreclosure proceedings).

Despite the court's instruction that Ms. Wilson would "have to make a thorough presentation of law showing that she is entitled to such a stay/injunction under applicable law and that the federal court could appropriate enjoin the state court proceeding," Ms. Wilson's motion cites no legal authority.  It recounts the basic facts and requests relief,

---

[1] Article 2751 provides: "The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed."

with no authority for allowing a stay in these circumstances or argument that would distinguish the <u>White</u> and <u>Turner</u> cases that denied similar requests for relief.  Based on the showing made, the **Motion to Stay Sheriff's Sale** (Doc. 19) is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of August, 2024.

Mark L. Hornsby
U.S. Magistrate Judge